UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRUSTEES OF THE ABATEMENT WORKERS
NATIONAL HEALTH AND WELFARE FUND;
TRUSTEES OF ABATEMENT WORKERS
NATIONAL DEFINED CONTRIBUTION
PENSION FUND; TRUSTEES OF THE
ABATEMENT WORKERS NATIONAL
VACATION FUND; TRUSTEES OF THE
ABATEMENT WORKERS REGIONAL LOCAL
UNION NO. 207 JOINT TRAINING FUND; and
the INTERNATIONAL ASSOCIATION OF HEAT
& FROST INSULATORS and ASBESTOS
WORKERS, LOCAL UNION NO. 207;

          Plaintiffs,

Case No.:
HON.

v.

ASTAR, INC., a West Virginia corporation and
ROGER PRITT, an individual, jointly and
severally,

          Defendants.
_____/

## COMPLAINT

Plaintiffs complain against Defendants as follows: NOW COME Plaintiffs, by and through their attorneys, NOVARA TESIJA & CATENACCI, P.L.L.C., and for their Complaint, state as follows:

1.    The Trustees of the Abatement Workers National Health and Welfare Fund; Trustees of Abatement Workers National Defined Contribution Pension Fund; Trustees of Abatement Workers Regional Local Union No. 207 Joint Training Fund; and Trustees of the Abatement Workers National Vacation Fund; (hereinafter "Funds") are each a jointly-trusted

1

fund established pursuant to Section 302 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. Section 186 and Sections 302 and 515 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. Sections 1132 and 1145, and bring this action on behalf of their individual participants.

2. The International Association of Heat & Frost Insulators and Asbestos Workers, Local Union No. 207 is a labor organization, as defined in Section 451 of the National Labor Relations Act, 29 U.S.C. § 152 (5), with its principal place of business located at 26465 Northline Road, Taylor, Michigan 48180.

3. Upon information, knowledge and belief Defendant, Astar Inc. is a West Virginia corporation (hereinafter referred to as "Astar"), and the principal place of business being P.O. Box 13533, Sissonville, WV 25360.

4. Upon information and belief Roger Pritt is the owner, officer, and director of Astar, and does business at 539 Kanawka Two Mile Road, Charleston, WV 25312.

5. Jurisdiction of this Court is founded on Section 301(a) of the LMRA, as amended, 29 U.S.C. Section 185(a) and Sections 502 and 515 of ERISA, 29 U.S.C. Section 1132 and 1145, as amended by the Multiemployer Pension Plan Amendment Act of 1980 ("MPPAA") and Federal common law. This Court also has pendent jurisdiction of any state-law claims ancillary to the relief sought herein.

## COUNT I
## ERISA: DELINQUENT CONTRIBUTIONS

6. Plaintiffs hereby re-allege and incorporate the allegations of Paragraphs 1 through 5 of their Complaint as fully set forth herein.

7. Section 515 of ERISA provides that "every employer who is obligated to make contributions to a multi-employer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."

8. Section 502 of ERISA provides a federal forum for enforcement of the various duties imposed by ERISA, including, but not limited to, allowance of a lawsuit to enjoin any act which violates ERISA or to obtain other appropriate legal and equitable relief.

9. Pursuant to the collective bargaining agreement (hereinafter "CBA") between Astar and the Union, Astar agreed to make employee fringe benefit contributions and assessments to the Funds for each employee covered by the collective bargaining agreement, which are individuals in the appropriate bargaining unit who perform covered work ("Employees"), and to be bound by the terms and conditions set forth in the Funds' Trust Agreements (the "Trust Agreements"). Defendants have copies of all records within their files; notwithstanding, Plaintiffs have attached a copy of the collective bargaining agreement, along with its signature page hereto and incorporated herein as **Exhibit 1** and the relevant Trust Agreements as **Exhibit 2, 2-1, 2-2 and 2-3**.

10. The Funds are third-party beneficiaries of the parties' collective bargaining agreement.

11. Astar has violated both its contractual and statutory obligations by failing to make all of the fringe benefit contributions and assessments due on behalf of each Employee covered by the collective bargaining agreement and as incorporated in same, the relevant Trust Agreements.

12. As a result of Astar's violations of its contractual and statutory obligations, Defendants have violated ERISA, the collective bargaining agreement and the relevant Trust Agreements.

13. Plaintiffs are entitled to all remedies under ERISA, including, but not limited to, payment of fringe benefit contributions owed, audit assessments, liquidated damages, attorneys' fees and costs.

14. At all relevant times, Astar was bound to the parties' collective bargaining agreement, which includes, but is not limited to, the time period of January 2012 to the present.

15. The Funds have been damaged in an amount as found due by an August 20, 2018 audit in the amount of $135,849.08 covering the work months of January 2012 through April 2018 (see attached **Exhibit 3**).

16. Further, in operating Astar, upon information, knowledge and belief, Defendant Roger Pritt has, among other things, (a) failed to follow business formalities, (b) failed to adequately capitalize the business which has caused a failure to remit contributions to Plaintiffs, (c) commingled personal and business assets, and (d) committed fraud by taking monies from the business while failing to make fringe benefit contributions to Plaintiffs.

17. An injustice will be imposed on Plaintiffs in the absence of individual liability because the ability of Astar to pay delinquencies owed to Plaintiffs and their participants is in serious doubt.

18. Astar has fraudulently avoided paying required benefit contributions to Plaintiffs and engaged in misconduct, which includes, but is not limited to, converting money paid to it for

4

the purpose of paying benefit contributions to Plaintiff Funds and retaining monies required to be paid for the benefit of its employees.

19. As an officer, director, manager, member and/or shareholder and person who makes decisions, Defendant Roger Pritt, is responsible for Astar's compliance with its contractual and statutory obligations to Plaintiffs.

20. Notwithstanding Astar's contractual and statutory obligations, upon information, knowledge and belief, Defendant Roger Pritt has failed to follow business formalities, had personal knowledge of Astar's undercapitalization, and with the requisite intent, fraudulently and improperly diverted monies which were to be paid for the benefit of its employees.

21. Because of Defendant Roger Pritt's actions and/or inactions cited within this Complaint, Plaintiffs have suffered financial losses.

WHEREFORE, Plaintiffs request that the Honorable Court grant the following relief:

a. Enter a judgment in the Plaintiffs' favor against Astar Inc. and Roger Pritt, in an amount of $135,849.08, together with any accumulated interest thereon, actual attorney fees, court costs, audit and other collection costs and other sums as may become due or discovered to be due the Funds during the pendency of this action;

b. Order an updated audit of the Defendants to determine any additional amount due the Plaintiffs;

c. That jurisdiction of this matter be retained pending compliance with the Court's orders; and

d. Any such other, further or different relief as may be just and equitable under the circumstances.

## COUNT II
## BREACH OF FIDUCIARY DUTIES

22. Plaintiffs hereby re-allege and incorporate the allegations of Paragraphs 1 through 21 of their Complaint as fully set forth herein.

## General

23. Participants of the Funds were employed by Astar to perform work and provide labor on various construction projects.

24. The participants of the Funds provided labor and services, on behalf of Astar, pursuant to the parties' CBA and thus earned outstanding fringe benefit contributions in connection with and in furtherance of their employment and labor on said projects.

25. Astar was obligated to pay fringe benefit contributions to the Funds for these participants on said projects.

26. The outstanding accrued fringe benefit contributions were properly payable to the Funds administered by Plaintiffs when due.

27. Astar received monies on said projects, but failed to pay all of the fringe benefit contributions owed the Funds on said projects when due.

28. The accrued fringe benefit contributions and monies in Astar's possession, custody and/or control from said projects which were available to pay the participants' accrued fringe benefit contributions were to be held in trust by Defendants in their capacity as fiduciaries, as required by ERISA, 29 U.S.C. §1145, until Defendants paid to Plaintiffs said fringe benefit contributions in accordance with the terms and conditions of their CBA and Trust Agreements.

29. The Trust Agreements for the Funds, incorporated by the relevant CBA (see **Exhibit 2,** Article III, Section 3.7; **Exhibit 2-1,** Article III, Section 3.7; **Exhibit 2-2,** Article III, Section 3.7; and **Exhibit 2-3,** Article III, Section 3.7, attached hereto and made a part hereof by reference) provide that unpaid contributions become plan assets at the time they become due.

30.     Defendants, including the individual Defendants, being Roger Pritt, had actual and/or constructive notice of the above-referenced Trust Agreements and their respective amendments.

31.     Thus, Defendants accrued fringe benefit contributions owed to the Funds on said projects, that became plan assets of the respective Funds administered by Plaintiffs at the time they became due, as provided for in the Trust Agreement and Plan documents, within the meaning of ERISA §3(21)(A); 29 U.S.C. §1002(21)(A).

32.     ERISA provides that a person is a fiduciary with respect to the Funds to the extent that the person exercises any discretionary authority or control with the respect to the disposition of Plan assets. ERISA §3(21)(A); 29 U.S.C. § 1002(21)(A).

33.     Owners, officers, and/or directors of Astar are considered fiduciaries of the Funds based upon the conduct and authority of said people, including, but not limited to, their personal exercise of discretionary authority and control over Funds' assets.

34.     Defendant Roger Pritt as an owner, officer, and/or director of Astar, and upon information, knowledge and belief, personally exercised discretionary authority and control over the disposition of Astar's accrued fringe benefit contributions, being plan assets recognized by ERISA.

35.     Defendant Roger Pritt, as an owner, officer, and/or director of Astar is considered a fiduciary of the Funds based upon his conduct and authority over the contributions associated with same.

36.     Upon information, knowledge and belief, Roger Pritt, as an owner, officer, and/or director of Astar, personally exercised discretionary authority and control over the disposition of

Astar's accrued fringe benefit contributions, which are plan assets as defined by ERISA and the relevant Trust Agreement and Plan documents.

37. Since Roger Pritt, as an owner, officer, and/or director of Astar personally exercised discretionary authority and control over Astar's accrued fringe benefit contributions, being plan assets, he is a fiduciary of the Funds.

38. Although legally and contractually obligated to do so, Defendant Roger Pritt failed to turn over the above-mentioned plan assets by failing to pay all of the accrued outstanding fringe benefit contributions to Plaintiffs when due.

39. Upon information, knowledge and belief, Defendant Roger Pritt utilized the accrued outstanding fringe benefit contributions and monies within his possession, custody and/or control for purposes other than payment to Plaintiffs.

40. In failing to turn over such plan assets to Plaintiffs, Defendant Roger Pritt violated 29 U.S.C. §§1145, 1104 and 1109, and their obligations under the CBA and Trust Agreements.

41. Defendant Roger Pritt's failure to turn over the plan assets, failure to make fringe benefit contributions to Plaintiffs, failure to account for those contributions, and misuse of funds and monies otherwise payable to Plaintiffs, constitutes a breach of fiduciary duties regarding the Funds pursuant to 29 U.S.C. §1104(a)(1)(A) and are violations of 29 U.S.C. §§ 1145, 1104 and 1109(a).

42. Thus, by directing that Astar's assets, which were owed to the Funds, be paid for other purposes instead of being deposited with the Funds for their participants and beneficiaries, Defendant Roger Pritt failed to discharge his fiduciary duties with respect to the Funds solely in the interest of the participants and beneficiaries as required by ERISA 404(a)(1); 29 U.S.C. §1104(a)(1).

43. ERISA imposes personal liability on a fiduciary that breaches fiduciary duties. 29 U.S.C. §1109.

44. As a result of the above-mentioned actions, Defendant Roger Pritt breached his fiduciary duties owed to the Funds and is thus, personally liable to the Funds for such breaches.

45. Defendant Roger Pritt knew or should have known that he would be held personally liable for his above-referenced actions.

46. ERISA also provides that if there is a loss caused by a breach of fiduciary duty, the fiduciary must make the Plan whole by restoring any losses caused by the breach. 29 U.S.C. §1109.

47. Due to the above-mentioned actions and/or inactions of Defendant Roger Pritt, the loss to the Funds is $135,849.08.

48. Defendant Roger Pritt, as a fiduciary, must make the Funds whole by restoring the above-mentioned losses to the Funds.

49. As stated within, the Funds have been damaged in an amount of $135,849.08 because of Defendant Roger Pritt's breach of his fiduciary duties.

WHEREFORE, Plaintiffs request that the Court grant the following relief:

   a. Enter a judgment in the Plaintiffs' favor against Astar Inc. and Roger Pritt, in an amount of $135,849.08, together with any accumulated interest thereon, actual attorney fees, court costs, audit and other collection costs and other sums as may become due or discovered to be due the Funds during the pendency of this action;

   b. Order an updated audit of the Defendants to determine any additional amount due the Plaintiffs;

   c. That jurisdiction of this matter be retained pending compliance with the Court's orders; and

   d. Any such other, further or different relief as may be just and equitable under the circumstances.

Respectfully submitted,

NOVARA TESIJA & CATENACCI, P.L.L.C.

By: /s/Edward J. Pasternak

Edward J. Pasternak (P58766)
Attorneys for Plaintiffs
2000 Town Center, Ste. 2370
Southfield, MI  48075-1314
(248) 354-0380
ejp@novaratesija.com

Dated:  February 22, 2019

W:\FUNDS\ABAT207\LITIGATE\Astar\COMPLAINT.doc